IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GRACE MAKAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV1346 |
| | ) | |
| LOUISE MEYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint and Application to Proceed *In Forma Pauperis* filed by Plaintiff Grace Makau. Plaintiff names as Defendants nine North Carolina state district court judges. She alleges that Defendants conduct family court proceedings in a way that violates several of her Constitutional and other rights, resulting in "innumerable parental rights deprivations in a seventy (70) month period, with two deprivations involving two minor children for over two years." (Compl. [Doc. # 2] at 2.) Plaintiff complains that "[d]ue to the continuing harmful effects of the innumerable ex-parte deprivation orders, the Plaintiff has been for six (6) years, and is presently refrained and will continue to be refrained from any and all access to her children." (Id. at 6.) Plaintiff seeks declaratory and injunctive relief, including a preliminary injunction that would prohibit Defendants from "presiding over any action brought in the North Carolina state forum affecting the Plaintiff's fundamental parental rights, including the Plaintiff's custody rights, right to access her child and the right to

live with her child." (Pl.'s Motion for Preliminary Injunction [Doc. #4] at 1.) She also asks that the preliminary injunction "declar[e] the facially fraudulent orders removing her parental rights for the past two years as void." (Pl.'s Mem. [Doc. #5] at 5.) For the reasons set forth below, the Court recommends that this action be dismissed without prejudice as frivolous and for failing to state a cognizable claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint, including exhibits and supplements, consists of almost 1400 pages. Plaintiff recounts the experiences she has had with her children, and them being taken from her. She describes various meetings with employees of the Department of Social Services and others involved in the child custody determinations, and the numerous court hearings regarding custody matters which resulted in the court-ordered loss of her parental rights.

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

This Court should dismiss this action for three reasons. First, "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006); Griessel v. Mobley, 554 F. Supp. 2d 597, 601-02 (M.D.N.C. May 7, 2008) (dismissing claims involving child custody and support claims under domestic relations exception to federal court jurisdiction set out in Ankenbrandt v. Richards, 504 U.S. 689 (1992)); Powell v. Williams, 2014 WL 3809964, No. 5:14-CV-282-FL (E.D.N.C. July 14, 2014) (recommending dismissal as frivolous Plaintiff's claim that child custody matter was being improperly handled in state court); Wise v. Mecklenburg Cty. Dep't of Soc. Servs., 2014 WL 1091700, No. 3:14-CV-71-FDW (W.D.N.C. Mar. 18, 2014) (dismissing Plaintiff's action challenging the Department of Social Services' actions regarding custody of his minor children).

Second, to the extent that there are on-going state court proceedings on the custody matters, this Court should abstain from exercising its jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine provides that federal court abstention is proper when: (1) there is an on-going state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. See Wise, 2014 WL 1091700 (dismissing claims on child custody matters under Younger); C.C.S. v. Child Protective Servs. of Orange Cnty., 2011 WL 1325125, No. 1:11CV81 (M.D.N.C. Apr. 7, 2011) (recommending dismissal of Plaintiff's child custody

and visitation claims under Younger).  Plaintiff may appeal to higher state courts and eventually to the United States Supreme Court to the extent that she believes that her rights are being violated by the lower North Carolina state courts.

Finally, to the extent that state court proceedings have ended, and Plaintiff is asking this Court to "exercise appellate jurisdiction over a final judgment from the highest court of a State in which a decision could be had," the Rooker-Feldman doctrine bars lower federal courts from sitting in direct review of state court decisions.  Thana v. Bd. of License Comm'rs for Charles Cty., Md., 827 F.3d 314, 321 (4th Cir. 2016) (internal quotation marks omitted); see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983).

Plaintiff's request to proceed in forma pauperis shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous and for failing to state a claim upon which relief may be granted.

This, the 11th day of January, 2017.

                                            /s/ Joi Elizabeth Peake
                                            United States Magistrate Judge